UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KELLY MARIE THIBODEAUX | CIVIL ACTION NO. 6:17-CV-00261 |
| VERSUS | JUDGE DOHERTY |
| AT&T MOBILITY SERVICES, LLC AND/OR AT&T CORP. AND/OR AT&T INC. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Rec. Doc. 9). In the motion, the defendants argue that the plaintiff's claims against all three defendants should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that the plaintiff's claims against defendant AT&T Inc. should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and that the plaintiff's claims against defendant AT&T Inc. should be dismissed under Fed. R. Civ. P. 12(b)(5) for lack of proper service. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 11). The motion is opposed to the extent that it seeks dismissal under Rule 12(b)(6) but is otherwise unopposed. Oral argument was held on April 20, 2017. Considering the evidence, the law, and

the arguments presented, and for the following reasons, it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

According to the allegations set forth in the plaintiff's complaint, the plaintiff was employed by an AT&T retail store in Crowley, Louisiana on December 29, 2015 when multiple armed robbers entered the store, attacked her, kicked her in the chest, hit her in the head, held a gun to her head, and threatened her. The plaintiff claims that, as a result of that incident, she sustained a traumatic head injury, post-concussive syndrome, a chest contusion, and debilitating emotional trauma including post-traumatic stress disorder. She sued three defendants, alleging that one or the other of them was her employer, and alleging that her delictual claim should be permitted as an exception to the workers' compensation statute's exclusivity requirement "because any reasonable employer could or should have foreseen the armed robbery was substantially certain to occur." (Rec. Doc. 1-1 at 2). She further alleged that there had been a string of crimes in the area, and her employer had failed to take adequate precautions to prevent the attack and her resulting injury. More particularly, she alleged that by "[f]ailing to take reasonable safeguards[,] AT&T forced its workers. . . to work in an environment of impending danger that resulted in [the plaintiff's] suffering severe physical and mental injuries." (Rec. Doc. 1-1 at 2).

## LAW AND ANALYSIS

I. **SERVICE ON AT&T INC. WAS INSUFFICIENT**

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. "In the absence of valid service of process, proceedings against a party are void."[1] Therefore, if service does not occur or is insufficient, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). "Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[2]

Under Fed. R. Civ. P. 4(m), the summons and complaint must be served on each defendant within ninety days after the filing of the complaint. The same rule also states that, when a plaintiff does not serve a defendant within the required time period, the court is required to dismiss the case without prejudice or order that service be made within a specified time. If the plaintiff shows good cause for the failure to timely serve, the same rule permits the court to extend the time for service. The

---

[1] *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

[2] *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349-50 (E.D. La. 2011) (quoting *Wallace v. St. Charles Parish Sch. Bd.*, No.04–1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005)).

plaintiff bears the burden of demonstrating good cause.³ Furthermore, actual notice does not satisfy Rule 4's service requirements.⁴ When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity."⁵

Although this lawsuit was originally filed in January 2017, the record of this matter contains no evidence that service has been made on AT&T Inc. Evidence submitted by the defendants establishes that AT&T Inc. has never appointed an agent for service of process in Louisiana.⁶

"When service of process is challenged, the serving party bears the burden of establishing its validity."⁷ Therefore, the plaintiff has the burden of establishing proper service on this defendant. In her opposition memo and again at oral argument, the plaintiff indicated that she has no opposition to this aspect of the motion to

---

³ *Newby v. Enron Corp.*, 284 Fed. App'x 146, 149 (5ᵗʰ Cir. 2008).

⁴ *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5ᵗʰ Cir. 1995).

⁵ *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5ᵗʰ Cir. 1992); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d at 435; *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5ᵗʰ Cir. 1980).

⁶ Rec. Doc. 9-3 at 3.

⁷ *People's United Equipment Finance Corp. v. Hartmann*, 447 Fed. App'x 522, 524 (5ᵗʰ Cir. 2011) (citing *Aetna Business Credit v. Universal Decor*, 635 F.2d at 435).

dismiss.[8] It therefore appears that she will not attempt to perfect service on this party. Accordingly, the plaintiff has not – and apparently will not – carry her burden of proof, there is no reason to extend the service deadline, and the plaintiff's claims against AT&T Inc. should be dismissed without prejudice for insufficiency of service.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER AT&T INC.

AT&T Inc. contends that it has insufficient contacts with the State of Louisiana to support the exercise of jurisdiction by this Court. "Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication."[9] When, as in this case, a nonresident defendant challenges personal jurisdiction, the plaintiff, as the party seeking to invoke the power of the court, bears the burden of proving that jurisdiction exists.[10] Because AT&T Inc.'s motion will be decided without an evidentiary hearing, the plaintiffs are required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy their burden.[11] A *prima facie* showing of personal jurisdiction

---

[8]     Rec. Doc. 13 at 3.

[9]     *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623, n. 2 (5th Cir. 1999).

[10]    *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

[11]    *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000).

may be established by the pleadings, depositions, affidavits, or exhibits of record.[12] The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff.[13] But the court is not required to credit conclusory allegations, even if left uncontroverted.[14]

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits.[15] The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution.[16] Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process.[17] This Court need only determine whether subjecting AT&T Inc. to suit in

---

[12] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d at 625.

[13] *Central Freight v. APA*, 322 F.3d at 376; *Alpine View v. Atlas*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir. 2000).

[14] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

[15] Fed. R. Civ. P. 4(e).

[16] La. R.S. 13:3201.

[17] *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). Texas's long-arm statute is also coextensive with the federal constitutional limits of due process. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008). Therefore, Fifth Circuit cases regarding personal jurisdiction under that statute are equally applicable.

Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment.[18]

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.[19] In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana.[20]

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.[21] General jurisdiction exists if the defendant has engaged in continuous and systematic activities in the

---

[18] See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

[19] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

[20] *Latshaw v. Johnston*, 167 F.3d at 211.

[21] *Walk Haydel v. Coastal Power*, 517 F.3d at 243.

forum state.[22] The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state.[23] Therefore,

> [w]here a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.[24]

To determine whether this Court has personal jurisdiction over AT&T Inc. in this lawsuit, it is necessary to first evaluate AT&T Inc.'s contacts with the State of Louisiana. If AT&T Inc. has sufficient contacts to satisfy specific or general jurisdiction, then the second part of the analysis requires an evaluation of the fairness of exercising jurisdiction over AT&T Inc.

The inquiry used to determine whether general jurisdiction exists is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum."[25]

---

[22] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

[23] *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992).

[24] *Luv N' care v. Insta-Mix*, 438 F.3d at 469.

[25] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999).

The inquiry used to determine whether specific jurisdiction exists has three steps. First, it must be determined whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.[26] Random, fortuitous, or attenuated contacts are insufficient.[27] Second, it must be determined whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum.[28] Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable.[29]

The defendants submitted evidence establishing that AT&T Inc. is a holding company that does not do business in Louisiana, does not have any employees, does not manufacture a product, does not provide services to the public, does not own or operate any call centers, does not have an office or mailing address in Louisiana, does not own, lease, manage, maintain, or possess any real right to immovable property in

---

[26] *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

[27] *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

[28] *Nuivo Pignone v. STORMAN ASIA*, 310 F.3d at 378.

[29] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

Louisiana, does not provide services to consumers in Louisiana, has not contracted with any person or entity to supply products or services in Louisiana,[30] and consequently does not have any contacts with Louisiana and should not be haled into court here. In an unrelated lawsuit, this Court previously held that AT&T Inc. has insufficient minimum contacts with the state of Louisiana to permit the exercise of personal jurisdiction over it in this forum, previously recommended that a Rule 12(b)(2) motion to dismiss be granted, and this Court's recommendation was adopted by the district judge.[31]

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident."[32] In this case, however, the plaintiff has indicated that she has no objection to granting the motion to dismiss with regard to defendant AT&T Inc.,[33] and she made no effort to establish that the court has personal jurisdiction over AT&T Inc. Accordingly, this Court finds that the plaintiff has not – and apparently will not – carry her burden. Therefore, to the extent that the defendants' motion seeks the

---

[30] Rec. Doc. 9-3.

[31] *Leong v. Cellco Partnership*, No. 6:12-cv-00711, 2013 WL 3213069, at *6 (W.D. La. June 24, 2013), amended on reconsideration on other grounds, 2013 WL 4009320 (W.D. La. July 31, 2013).

[32] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

[33] Rec. Doc. 13 at 3.

dismissal of the plaintiff's claims against AT&T Inc. under Fed. R. Civ. P. 12(b)(5) on the basis that the court lacks personal jurisdiction over AT&T Inc., the motion should be granted.

### III. THE RULE 12(B)(6) MOTION AGAINST AT&T MOBILITY AND AT&T CORP.

#### A. THE APPLICABLE STANDARD

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[34] To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[35] The allegations must be sufficient "to raise a right to relief above the speculative level,"[36] and the pleading must contain more than a statement of facts that merely creates a suspicion a legally cognizable right of action.[37] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[34] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[35] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[36] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[37] *Bell Atlantic v. Twombly,* 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

do."[38] If the plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[39] Rule 12(b)(6) motions to dismiss are viewed with disfavor and rarely granted.[40]

When considering a Rule 12(b)(6) motion, a district court is generally required to limit itself to the contents of the pleadings, including any attachments thereto.[41] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[42] Conclusory allegations and unwarranted deductions of fact are not accepted as true,[43] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[44]

---

[38] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[39] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[40] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[41] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498.

[42] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[43] *Kaiser Aluminum v. Avondale Shipyards*, 677 F.2d at 1050; *Collins v. Morgan Stanley*, 224 F.3d at 498.

[44] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## B. THE RULE 12(B)(6) MOTION SHOULD BE DENIED

In her petition, the plaintiff alleged that either AT&T Mobility Services, Inc., AT&T Corp., or AT&T Inc. was her employer at the time of the incident underlying this lawsuit. This Court, having already determined that any claim against AT&T Inc. is not viable, must determine whether the plaintiff has stated a claim against AT&T Mobility or AT&T Corp. on which relief may be granted. The defendants argue that the exclusivity provision of Louisiana's workers' compensation law precludes such a claim.

Under the exclusivity provision of the Louisiana's workers' compensation law, an employee cannot sue his employer in tort and is, instead, limited to recovering workers' compensation benefits if he is injured while working unless the injury resulted from an intentional act.[45] In this case, the plaintiff alleged that the intentional act exception applies because her employer failed to take proper precautions for its workers' safety in light of the crime wave near the retail location where the plaintiff was working.

In their briefing, the defendants alleged that the plaintiff's employer was AT&T Mobility. But the plaintiff attached a document to her opposition brief, indicating that Bellsouth Telecommunications, LLC was her employer at the time of

---

[45] La. R.S. 23:1032(B).

the incident underlying this lawsuit. The document, which was filed in the plaintiff's workers' compensation case, alleged that, in that proceeding, Bellsouth had previously been "erroneously referred to as 'AT&T Mobility Services, LLC.'" On a Rule 12(b)(6) motion to dismiss, the court may consider documents attached to an opposition to the motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.[46] If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."[47]

While the identity of the plaintiff's employer is central to the plaintiff's claims, the document from the workers' compensation proceeding that was attached to the plaintiff's opposition brief was not referred to in the complaint or in the motion to dismiss. Therefore, it does not meet both criteria for consideration in ruling on the motion to dismiss and can be considered only if the court were to convert the Rule 12(b)(6) motion to a motion for summary judgment. But even if this Court were to convert the pending motion to a motion for summary judgment, a disputed question

---

[46] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss.").

[47] Fed. R. Civ. P. 12(b).

of fact would continue to exist concerning the identify of the plaintiff's employer, especially since the plaintiff stated in her briefing that "the identity of the employer is. . . in question." (Rec. Doc. 13 at 3-4). At oral argument, the plaintiff's counsel reiterated that the identity of the plaintiff's employer at the time of the incident underlying this lawsuit is unknown. This dispute concerning the identity of the plaintiff's employer also precludes a finding that the plaintiff has stated a plausible claim against AT&T Mobility Services, Inc. or AT&T Corp.

Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. This is one of those situations. Therefore, this Court will recommend that the plaintiff be ordered to amend her complaint to unequivocally identify the plaintiff's employer. If necessary and appropriate, the defendants can then refile a Rule 12(b)(6) motion to dismiss following the amendment of the complaint.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED:

(1) that the defendants' Fed. R. Civ. P. 12(b)(5) motion with regard to defendant AT&T Inc. be GRANTED, and the claims asserted against AT&T Inc. be dismissed without prejudice for insufficient service;

(2) that the defendants' Fed. R. Civ. P. 12(b)(2) motion with regard to defendant AT&T Inc. be GRANTED, and the claims asserted against AT&T Inc. be dismissed without prejudice for lack of personal jurisdiction;

(3) that the plaintiff be given an opportunity to amend her complaint to identify, with specificity and without equivocation, her employer at the time of the events sued upon; and

(4) that the defendants' Fed. R. Civ. P. 12(b)(6) motion with regard to defendants AT&T Mobility Services, LLC and AT&T Corp. be DENIED without prejudice to their right to refile the motion, if necessary and appropriate, following the plaintiff's amendment of her complaint.

Signed at Lafayette, Louisiana on this 20th day of April 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE